THE PEOPLE OF THE STATE OF NEW YORK ex rel. SARAH S. ADAMS and Others, Appellant, v. MICHAEL COLEMAN and Others, Commissioners of Taxes and Assessments of the City of New York, Respondents.

41h 307
d 71 AD ²573
41h 307
40 Mis⁴135
40 Mis⁵135

Certiorari *to review an illegal assessment* — 1880, *chap.* 269, *sec.* 1 — *several persons may unite in the petition — a verification by one is sufficient — each petitioner need not sign in person — an attorney may sign in their behalf if authorized so to do — his authority to sign will be assumed from his signing it in their behalf.*

In these proceedings a writ of *certiorari* was issued to review the legality of an assessment made for the purposes of taxation upon the shares of the shareholders of the Merchants' National Bank of the city of New York, who were about 800 in number. The petition was subscribed by one Edge, for himself and all the other petitioners, and it was verified by him. It was also subscribed by Burrill, Zabriskie & Burrill, attorneys for the petitioners. Upon the application of the respondents an order was made quashing the writ upon the ground that it could not be issued in this manner for the benefit of petitioners who did not themselves subscribe the petition.

*Held*, error.

That the act under which the petition was prescribed (1880, chap. 269, § 1) did not require all the persons in whose behalf the petition was presented to subscribe and verify it. It permits all persons who may be affected in the same manner by the assessment upon the same roll to unite in the same petition, and to obtain the writ of *certiorari* for their joint as well as several benefit, and that may be done by the representations of one petition, the truth of which may be verified by either of the petitioners.

Nor does the act require in terms, nor by reasonable implication, that the petition shall be signed by each of the petitioners acting individually for himself or herself, but its provisions will be satisfied, when they are represented by attorneys acting in their behalf.

When attorneys subscribe such a petition, it is not to be assumed that they have done so without the authority of the petitioners, but rather that they have obtained such authority before subscribing it in such a manner as imports an authority so to do.

It devolves upon the person alleging a lack of authority to establish that fact by proof before the proceeding can be held to be irregular, or the petition be dismissed.

APPEAL from an order quashing and dismissing a writ of *certiorari* as to all the petitioners named therein except Nelson J. H. Edge.

*John E. Burrill*, for the appellant.

*David J. Dean*, for the respondents.

Daniels, J. :

The writ was issued to review the legality of an assessment made for the purpose of taxation upon the shares of the shareholders of the Merchants' National Bank of the city of New York. They are about 800 in number, and the petition was subscribed by Nelson J. H. Edge for himself and all the other petitioners, and it was verified by him. It was also subscribed by Burrill, Zabriskie & Burrill, attorneys for the petitioners. The application to quash and dismiss the writ was made upon the ground that it could not be issued in this manner for the benefit of petitioners who did not themselves subscribe the petition. But section 1 of chapter 269 of the Laws of 1880, under which the petition was presented and the writ was issued, does not require that all the persons in whose behalf the petition may be presented shall subscribe and verify it. It permits all persons who may be affected in the same manner by the assessment upon the same roll to unite in the same petition, and to obtain the writ of *certiorari* for their joint as well as several benefit, and that may be done by the representations of one petition, the truth of which may be verified by either of the petitioners. The act requires no more than that, and the court, therefore, has no authority for imposing any further obligation in this respect upon the petitioners. Neither does it require in terms, nor by reasonable implication, that the petition shall be signed by each of the petitioners acting individually for himself or herself, but its provisions will be satisfied where, as in this case, they are represented by attorneys acting in their behalf. What they may do for themselves they may do through the intervention of attorneys acting under their authority. And where attorneys subscribe a petition as this has been subscribed, it is to be assumed that they have not done so without the authority of the petitioners, but rather that they have obtained such authority before subscribing the petition, in such a manner as imports the delegation of the authority to do so to the attorneys. In this respect the proceeding is very much the same as the commencement of a suit in a court of law or equity, where the complaint is subscribed by the attorney or attorneys for the plaintiff. It is there assumed to have been regularly done under the authority of the party who is represented; and if that is not the case, it devolves

upon the person alleging the fact so to be, to establish it by proof before the proceeding can be held to be irregular, or the complaint or petition be set aside. That was not done in this case, but the application was made upon the petition itself and its verification by one of the petitioners. It could not be allowed to succeed without assuming, when the fact was not established by proof, that the attorneys were acting for and endeavoring to represent petitioners from whom they had received no authority. That could not regularly be done, especially as it appeared from the petition that it was impracticable to prove this signing and verification by each one of the shareholders.

The order which was made should be reversed, with costs, and an order entered, denying the respondent's motion.

Brady, P. J., concurred.

Order reversed, with costs; motion denied.